J. E. LINDE PAPER COMPANY, APPELLANT, v. GEORGE C. GEBERT, RESPONDENT.

Submitted July 5, 1918—Decided November 21, 1918.

1. A sheriff's sale will be set aside on proper terms, even if there has been no fraud, where there is gross inadequacy of price, and the party, by reason of a mistake or misapprehension, did not attend the sale or protect his interest at the sale, and the sacrifice was caused by such mistake or misapprehension.

2. Where an execution defendant did not attend the sale, or protect his interest at the sale, by reason of the advice of his attorney that the mortgagee's claim of property necessitated a postponement of the sale, and property worth $500 was sold to the execution plaintiff for $5, the sale will be set aside and a resale ordered under the original writ to make the debt and costs, inclusive of the costs of the prior sale.

3. A sale of goods may be made under an execution after the return day of the writ, provided the levy was made before the return day of the writ.

---

On appeal from the Essex County Common Pleas Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the appellant, *Scharringhausen & Hartpence* and *Frank E. Bradner.*

For the respondent, *Cecil H. MacMahon.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from an order made by the Common Pleas Court setting aside a sale of goods made under an execution issued out of that court on a judgment docketed from the Newark District Court and also vacating the writ itself and the lien thereof.

We are of the opinion that the order under review is right in part and wrong in part.

The record discloses that before the docketing of this judgment in the Court of Common Pleas, the defendant in execution gave to one Mary Flood a chattel mortgage on the property which was afterward levied on.   This mortgage was given on October 23d, 1916.   It was recorded four days later. On November 21st it was foreclosed and the property bought in by Mary Flood, the mortgagee.   The District Court judgment was docketed in the Common Pleas Court on November 8th, and execution was at once issued and delivered to the sheriff of Essex county.   On November 11th the levy was made, and on December 15th the sheriff sold the property, although a notice of claim of property by the mortgagee, Mary Flood (based upon the mortgage), had been served upon him before he made the sale.   The title to the property was tried on January 23d, 1917, and the jury found against the mortgagee (we suppose because the mortgage was not immediately recorded).   The property was sold at the sheriff's sale to the execution plaintiff for $5, in the absence of the execution defendant, whose interests were thus left unprotected because he had been advised by his attorney that the service of the claim of property necessitated the postponement of the sale.   The proof shows that the property was worth

$500.   We think these facts alone justified the setting aside of the sale on the application of the judgment defendant without regard to the rights, if any, of the mortgagee, for the rule is that a sheriff's sale will be set aside on proper terms, even if there has been no fraud, where there is gross inadequacy of price, and the party, by reason of mistake or misapprehension, did not attend the sale or protect his interest at the sale, and the sacrifice was caused by such mistake or misapprehension.   *Raphael* v. *Zehner,* 56 *N. J. Eq.* 836.

But the order was wrong, in so far as it vacated the execution and discharged the goods from the lien thereof.   We think a resale should have been ordered under the original writ to make the debt and costs inclusive of the costs of the prior sale.   In no other way can the lien of the execution plaintiff be preserved.   It is true that the return day of the execution had passed before the sale was made.   But we think that is immaterial, in view of the fact that the levy had been made before the return day of the writ.   In such case a lawful sale may be made after the return day of the writ.   *McAdams* v. *Mundy,* 79 *N. J. L.* 480; *Hall* v. *Nash,* 58 *N. J. Eq.* 554.

The record will be remitted to the Common Pleas Court, to the end that an order may be there made in accordance with this opinion.

Costs in this court will be allowed to the appellant.